UNITED STATES DISTRICT COURT
SOUTHERN DISTIRICT OF FLORIDA

JOSEPH AGOSTINO,

    Plaintiff,

v.                                                                          Case No.:

FITNESS INTERNATIONAL, LLC,
d/b/a LA FITNESS,
a foreign limited liability company,

    Defendant.
_____/

**COMPLAINT**

**COMES NOW**, Plaintiff, JOSEPH AGOSTINO (hereinafter "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, FITNESS INTERNATIONAL, LLC, d/b/a LA FITNESS (hereinafter "Defendant"), and alleges the following in support thereof:

1. This is an action for damages and injunctive relief brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

**PARTIES, JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1337. *See, Mims v. Arrow Fin. Servs. LLC,* 132 S.Ct. 740 (U.S. 2012). This Court has supplemental jurisdiction over the FCCPA claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant is deemed to be a resident of Florida pursuant to 28 U.S.C. § 1391(d). Specifically, Defendant is subject to personal jurisdiction in all districts in the State of Florida based on its sufficient

contacts and business transactions therein. *See, Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 317, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Consol Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000); *Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992); *Sofrar, S.A. v. Graham Eng'g Corp.*, 35 F.Supp.2d 919, 921 (S.D. Fla. 1999).

4. Defendant is a foreign limited liability company existing under the laws of the state of California, that, itself and through its subsidiaries, regularly extends health and fitness services to consumers throughout the country, and more specifically, throughout the state of Florida.

5. At all material times herein, Plaintiff is an individual residing in the State of Florida.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(3).

7. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(2).

8. At all material times herein, Defendant attempts to collect a debt from Plaintiff, specifically, gym membership fees allegedly owed by Plaintiff (hereinafter, "Debt" or "alleged Debt").

9. At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72. *See,* Fla. Stat. § 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

10. At all material times herein, the Debt was a consumer debt as the Debt allegedly arose from Plaintiff's personal gym membership.

11. At all material times herein, Defendant's conduct, with regard to the alleged Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

12. At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

14. Plaintiff is the owner, regular user and possessor of cellular telephone number (727) 420 – 4837.

15. Defendant's telephone calls, as alleged more specifically below, were all made to Plaintiff's cellular telephone number (727) 420 – 4837 using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice.

16. All of the telephone calls at issue were placed by Defendant through equipment which has the capacity to dial telephone numbers without human intervention. Such equipment falls within the purview of, and is subject to, the TCPA. *See, In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Red. 7961, 2015 WL 4387780, at *8 (July 15, 2015).

17. Defendant's telephone calls, as alleged more specifically below, were all made in an attempt to collect the alleged Debt from Plaintiff.

18. In or around August of 2015, Defendant began placing telephone calls through the use of the equipment described above to Plaintiff's cellular telephone in an attempt to collect the alleged Debt.

19. In or around August of 2015, Plaintiff, upon answering a telephone call placed by Defendant to Plaintiff's cellular telephone, was met with an extended delay before being connected to a live representative. After Plaintiff was connected to a live representative, Plaintiff informed Defendant that Plaintiff was represented by counsel with respect to the alleged Debt, stated that Plaintiff would not be paying the alleged Debt under any circumstances, and demanded that Defendant cease placing telephone calls to Plaintiff's cellular telephone.

20. During the aforementioned telephone conversation, Plaintiff expressly revoked any consent Defendant may have had to place telephone calls to Plaintiff's cellular telephone through the use of the telephone equipment described above by clearly expressing his desire not to receive further telephone calls from Defendant. *See, In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2015 WL 4387780, at ¶ 63 (F.C.C. July 10, 2015).

21. During the aforementioned telephone conversation, Defendant was placed on notice that all reasonable efforts of negotiation and persuasion with respect to resolving the alleged Debt had failed.

22. During the aforementioned telephone conversation, Defendant was placed on notice that Plaintiff was represented by counsel and was provided with information sufficient to enable Defendant to readily ascertain Plaintiff's attorney's name and address.

23. Subsequent to the aforementioned telephone conversation, Defendant continued to place telephone calls through the use of the telephone equipment described above to Plaintiff's cellular telephone in an attempt to collect the alleged Debt.

24. Subsequent to the aforementioned telephone conversation, Plaintiff informed Defendant on numerous occasions that Plaintiff was represented by counsel with respect to the alleged debt, that Plaintiff was refusing to pay the alleged debt, and that Plaintiff desired not to receive further telephone calls from Defendant.

25. Notwithstanding Plaintiff's repeated instructions, Defendant continued to place telephone calls using the equipment described above to Plaintiff's cellular telephone in an attempt to collect the alleged Debt.

26. On or about October 20, 2015, Defendant communicated with Plaintiff in an attempt to collect the alleged Debt between the hours of 9 p.m. and 8 a.m. in the Plaintiff's time zone without the prior consent of the Plaintiff.

## COUNT I – VIOLATIONS OF 47 U.S.C. 227(b)(1)(A)(iii)

27. Plaintiff re-asserts and re-alleges paragraphs 1 through 26 as if fully restated herein.

28. Defendant is subject to, and has violated the provisions of, 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to Plaintiff's cellular telephone through the use of telephone equipment that falls within the purview of, and is subject to, the TCPA without Plaintiff's prior express consent.

29. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were knowing or willful, in that at all times material herein Defendant knew it was calling Plaintiff's cellular telephone for non-emergency purposes through the use of telephone equipment that falls within the purview of, and is subject to, the TCPA without Plaintiff's prior express consent.

30. As a direct and proximate result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff has suffered the periodic loss of his cellular telephone service, lost material costs associated with the use of peak time cellular telephone minutes allotted under his cellular telephone service contract, the expenditure of attorney's fees and costs associated with the prosecution of this matter, stress, anxiety, loss of sleep and deterioration of relationships both professional and personal.

31. In light of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to injunctive relief and statutory or actual damages pursuant to 47 U.S.C. § 227(b)(3).

## **COUNT II – VIOLATION OF FLA. STAT. § 559.72(7)**

32. Plaintiff re-asserts and re-alleges paragraphs 1 through 26 as if fully restated herein.

33. As more fully detailed above, Defendant willfully communicated with Plaintiff on numerous occasions in an attempt to collect the alleged Debt after all reasonable efforts at negotiation and persuasion had failed.

34. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff in an attempt to collect the alleged Debt.

35. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass Plaintiff in connection with Defendant's attempts to collect the alleged Debt.

36. As a direct and proximate result of Defendant's violation of Fla. Stat. § 559.72(7), Plaintiff has suffered the periodic loss of his cellular telephone service, lost material costs associated with the use of peak time cellular telephone minutes allotted under his cellular telephone service contract, the expenditure of attorney's fees and costs associated with the

prosecution of this matter, stress, anxiety, loss of sleep and deterioration of relationships both professional and personal.

37. In light of Defendant's violation of Fla. Stat. § 559.72(7), Plaintiff is entitled to actual damages, statutory damages, injunctive relief, attorney's fees and costs of litigation pursuant to Fla. Stat. § 559.77.

38. As the continuous and consistent nature of Defendant's violation of Fla. Stat. § 559.72(7) evidences Defendant's intentional misconduct or gross negligence, Plaintiff is entitled to an award of punitive damages pursuant to Fla. Stat. § 768.72. *See, Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1214 (M.D. Fla. 2015).

## **COUNT III – VIOLATION OF FLA. STAT. § 559.72(17)**

39. Plaintiff re-asserts and re-alleges paragraphs 1 through 26 as if fully restated herein.

40. As more fully detailed above, Defendant communicated with Plaintiff in an attempt to collect the alleged Debt between the hours of 9 p.m. and 8 a.m. in the Plaintiff's time zone without the prior consent of the Plaintiff.

41. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(17) by communicating with Plaintiff in an attempt to collect the alleged Debt between the hours of 9 p.m. and 8 a.m. in the Plaintiff's time zone without the prior consent of the Plaintiff.

42. In light of Defendant's violation of Fla. Stat. § 559.72(17), Plaintiff is entitled to actual damages, statutory damages, injunctive relief, attorney's fees and costs of litigation pursuant to Fla. Stat. § 559.77.

## **COUNT IV – VIOLATION OF FLA. STAT. § 559.72(18)**

43. Plaintiff re-asserts and re-alleges paragraphs 1 through 26 as if fully restated herein.

44. As more fully detailed above, Defendant communicated directly with Plaintiff in an attempt to collect the alleged debt whilst Defendant had actual knowledge that Plaintiff was represented by counsel with respect to the alleged Debt. At the time of said communication(s), Defendant had knowledge of, or could readily ascertain, Plaintiff's counsel's name and address.

45. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(18) by communicating with Plaintiff in an attempt to collect the alleged debt whilst knowing that Plaintiff was represented by counsel with respect to the alleged Debt and with knowledge of, or the ability to readily ascertain, Plaintiff's counsel's name and address.

46. In light of Defendant's violation of Fla. Stat. § 559.72(18), Plaintiff is entitled to actual damages, statutory damages, injunctive relief, attorney's fees and costs of litigation pursuant to Fla. Stat. § 559.77.

47. As the continuous and consistent nature of Defendant's violation of Fla. Stat. § 559.72(7) evidences Defendant's intentional misconduct or gross negligence, Plaintiff is entitled to an award of punitive damages pursuant to Fla. Stat. § 768.72. *See, Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1214 (M.D. Fla. 2015).

## **PAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests judgment against Defendant and in favor of Plaintiff:

a. Enjoining further TCPA violations through the placement of telephone calls to Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Awarding actual monetary loss from violations of the TCPA, or $500 in damages for each such violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Awarding treble damages for willful or knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

    d. Awarding maximum statutory damages for violations of the FCCPA pursuant to Fla. Stat. § 559.77(2);

    e. Awarding actual damages sustained as a result of FCCPA violations pursuant to Fla. Stat. § 559.77(2);

    f. Enjoining further FCCPA violations against Plaintiff pursuant to Fla. Stat. § 559.77(2);

    g. Awarding reasonable attorney's fees and court costs incurred by Plaintiff pursuant to Fla. Stat. § 559.77(2);

    h. Awarding punitive damages for FCCPA violations pursuant to Fla. Stat. § 768.72; and

    i. Awarding any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted by:

DATE: March 1, 2016

KUHN LEGAL, P.A.
4835 Hollywood Boulevard, Suite 4
Hollywood, FL 33021
Telephone: (954) 918-3539
Facsimile: (954) 337-0480

By: ___/s/ Clayton Kuhn_____
CLAYTON T. KUHN, ESQ.
Fla. Bar No.: 97982